894 F.2d 401
 11 Employee Benefits Ca 2478
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John W. BRUNING; Oscar Haynes; Gordon Tyrrell; Solomon
Easterling; John P. Thomas, Jr.; George Bigesby;
M.L. Dessert Corporation, Plaintiffs-Appellees,
v.
MRS. SMITH'S FROZEN FOOD COMPANY, Defendant-Appellant.
John W. BRUNING; Oscar Haynes; Gordon Tyrrell; Solomon
Easterling; John P. Thomas, Jr.; George Bigesby;
M.L. Dessert Corporation, Plaintiffs-Appellees,
v.
MRS. SMITH'S FROZEN FOOD COMPANY, Defendant-Appellant.
 Nos. 87-1693, 88-1507.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Dec. 20, 1988.
Decided: Dec. 14, 1989.
 
 (Roger C. Siske, Alan S. Gilbert, Brian P. Norton, Sonnenschein Carlin Nath & Rosenthal; Joel S. Aronson, Shulman, Rogers, Gandal, Pordy & Ecker, P.A., on brief, for appellant.
 Before K.K. HALL, SPROUSE and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 The plaintiffs-appellees in this case, all former employees of Mrs. Smith's Frozen Foods Company (Mrs. Smith's), brought this action alleging that the defendant-appellant, Mrs. Smith's, wrongfully denied them severance pay in violation of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. Secs. 1001 et seq. The district court held that Mrs. Smith's arbitrarily and capriciously denied the appellees severance pay, and awarded them damages and attorney's fees. For the reasons discussed below, we reverse the judgment of the district court.
 
 
 2
 The appellees were terminated from Mrs. Smith's when the division of Mrs. Smith's which employed them was sold to M.L. Dessert Corporation. Pursuant to the terms of the sale, the appellees immediately became employees of M.L. Dessert. Approximately five months after the transfer of assets, the appellees were terminated when M.L. Dessert closed the plant at which they worked. Following termination, the appellees sought severance pay from Mrs. Smith's. Mrs. Smith's took the position that, under the terms of its severance policy, these former employees were not entitled to severance pay.
 
 
 3
 Under Mrs. Smith's interpretation of its policy, it would have provided severance to any employee not rehired by M.L. Dessert--that is, to any employee who lost his job at the time of the transfer of assets. The district court held that it was therefore arbitrary for Mrs. Smith's to deny severance to those employees rehired by M.L. Dessert but later terminated, if the termination was a direct result of the sale of assets. In order to remedy this perceived inequity, the district court created a rule of federal common law which provided that any employee rehired by a purchaser as a direct result of that transfer is entitled to the same severance benefits he would have received if terminated on the day of the transfer.
 
 
 4
 We believe the district court erred in rejecting Mrs. Smith's interpretation of its severance policy and creating this rule of federal common law. While the Supreme Court's decision in Firestone Tire & Rubber Co. v. Bruch, --- U.S. ----, 109 S.Ct. 948 (1989), requires that a review of the plan administrator's decision be de novo, we think that the decision of Mrs. Smith's was clearly justifiable under this de novo standard. Having carefully reviewed the considerations underlying Mrs. Smith's severance policies as well as the relevant case law, we cannot agree with the district court that the denial of severance pay in this instance should be overturned.
 
 
 5
 According to Mrs. Smith's, the primary purpose of its severance policy was to benefit employees who suffered a period of unemployment immediately following their termination from Mrs. Smith's. This conception is consistent with the general understanding of the purposes for severance. See Holland v. Burlington Industries, 772 F.2d 1140, 1149 (4th Cir.1985); Sly v. P.R. Mallory & Co., 712 F.2d 1209, 1211 (7th Cir.1983). Indeed, under the pre-Bruch standard, the courts had been almost unanimous in holding that the denial of severance benefits for employees immediately rehired by a purchaser following a sale of assets is not arbitrary and capricious. See, e.g., Holland, supra; Accardi v. Control Data Corp., 836 F.2d 126 (2d Cir.1987); Blakeman v. Mead Containers, 779 F.2d 1146 (6th Cir.1985); Jung v. FMC Corp., 755 F.2d 708 (9th Cir.1985). Moreover, while not directly on point, two cases have indicated that an employer has no obligation to pay severance benefits to former employees rehired by a purchaser even when, as in this case, they are later terminated by the purchaser. Schwartz v. Newsweek, Inc., 827 F.2d 879 (2d Cir.1987); Adcock v. Firestone Tire & Rubber Co., 822 F.2d 623 (6th Cir.1987).
 
 
 6
 The result in these two cases is consistent with the regulatory scheme established by ERISA. Under ERISA, severance benefits are not vested--that is, employees have no "right" to these benefits and employers have no continuing obligation to provide them. Sutton v. Weirton Steel Div. of National Steel Corp., 724 F.2d 406 (4th Cir.1983), cert. denied, 467 U.S. 1205 (1984). See also Phillips v. Amoco Oil Co., 799 F.2d 1464 (11th Cir.1986), cert. denied, 481 U.S. 1016 (1987); Young v. Standard Oil, 660 F.Supp. 587 (S.D.Ind.1987), aff'd, 849 F.2d 1039 (7th Cir.1988). Thus, under ERISA, any right that the appellees had to severance benefits ended when they were terminated by Mrs. Smith's.
 
 
 7
 Moreover, the contractual right to these benefits created by the district court cannot stand. In cases arising under ERISA a federal court may not create a rule which has the effect of vesting benefits which, under ERISA regulations, are non-vested, because such a rule would thwart Congress' intent that employee welfare benefit plans be exempt "from stringent vesting, participation, and funding requirements." In re White Farm Equipment, 788 F.2d 1186 (6th Cir.1986). In this case, the rule created by the district court clearly has the impermissible effect of vesting severance benefits since it creates a continuing, non-terminable obligation on the part of Mrs. Smith's to provide these benefits to its former employees who are terminated by M.L. Dessert if the termination is found to be a result of the transfer of assets.
 
 
 8
 In sum, we hold that Mrs. Smith's denial of severance benefits to the appellees should be upheld. Accordingly, we reverse the judgment of the district court and order that judgment be entered in favor of Mrs. Smith's. As a consequence, we also vacate the district court's order awarding appellees attorney's fees. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 9
 REVERSED.